Per Curiam.

Appellants McCarthy and Kancza were discovered by a police officer carrying a closed package consigned by a motor carrier to a corporation described as General Consolidated Ltd. Appellant McCarthy told the officer that the box contained a doll for his sister, and stated that he had found the package around the corner. They were arrested on suspicion. After being arrested, they stated that they got the package from the motor carrier, that a fellow named Casey (later identified as appellant Collins) had thrown the package *209 over a fence. Collins when picked up later admitted having thrown this package over a fence. It was opened at the police station and found to contain stolen radios and radio parts. Appellants moved to suppress this evidence alleged to have been obtained as a result of an illegal search and seizure without a warrant and as incidental to an illegal arrest made without probable cause.
Even in the case of an arrest for a misdemeanor under subdivision 1 of section 177 of the Code of Criminal Procedure, the officer has to have probable or reasonable cause to believe that the prisoner is guilty (People v. Moore, 11 N Y 2d 271; People v. Caliente, 12 N Y 2d 89; People v. DeCillis, 14 N Y 2d 203, decided at same time herewith; People v. Richter, 265 App. Div. 767). The circumstances here were not such as to constitute probable or reasonable cause to believe at the time of the arrests that appellants McCarthy and Kancza were guilty of a crime, and the contents of the package which they were carrying should have been suppressed. A search is good or bad when it starts and does not change character from its success (People v. O’Neill, 11 N Y 2d 148, 153). The validity of an arrest without a warrant depends upon the existence of probable or reasonable cause as justification for the making of the arrest, and such cause cannot be based on evidence obtained as a result of a search when the validity of the search itself depends upon the validity of the arrest (People v. Loria, 10 N Y 2d 368).
The evidence illegally seized, viz., the radios and radio parts in the package carried by defendants McCarthy and Kancza when they were arrested, should be suppressed and the judgments of conviction of appellants reversed and a new trial ordered.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke and Bergan concur in Per Curiam opinion; Judges Dye and Scileppi dissent and vote to affirm.
Judgment reversed, etc.