■ THOMAS D. ALLEE, Respondent, v. CITY OF NEW YORK, Appellant, and JOHN DOWD et al., Defendants.— Order, Supreme Court, New York County, entered September 12, 1972, insofar as appealed from, is unanimously reversed, on the law, without costs and without disbursements, the cross motion to dismiss the first cause of action granted and said cause of action dismissed. The cause of action for false arrest and imprisonment arose at the time of plaintiff's actual physical release from confinement, which occurred on June 4, 1970, when he was released on his own recognizance. (*Caminito* v. *City of New York*, 25 A D 2d 848, affd. 19 N Y 2d 931; *Schildhaus* v. *City of New York*, 23 A D 2d 409, affd. 17 N Y 2d 853; *Molyneaux* v. *County of Nassau*, 22 A D 2d 954, affd. 16 N Y 2d 663.) Accordingly, the notice of claim filed on November 6, 1970 did not comply with the 90-day period prescribed by the statute (General Municipal Law, § 50-e), and the first cause of action for false arrest should be dismissed. Concur — Stevens, P. J., Markewich, Nunez, Tilzer and Capozzoli, JJ.

■ YVONNE BAILEY, Appellant, v. ALEXANDER'S DEPARTMENT STORE, Respondent.— Order, Supreme Court, New York County, entered June 6, 1973, denying plaintiff's renewed motion for discovery and inspection, unanimously modified, on the law and the facts, to the extent of directing that the defendant produce for examination the document the plaintiff was asked to sign on October 22, 1970 (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403), and otherwise affirmed, without costs and without disbursements. Concur — Nunez, J. P., Kupferman, Murphy, Lane and Capozzoli, JJ.