■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CONSTANCE BILODEAU, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered October 10, 1972, convicting her of manslaughter in the first degree, upon her plea of guilty, and sentencing her to an indeterminate prison term not to exceed 20 years. Judgment modified, on the law and as a matter of discretion in the interests of justice, by reducing the sentence to an indeterminate prison term not to exceed 15 years. As so modified, judgment affirmed. Under the circumstances, and in the interests of justice, we believe, and the People agree, that the defendant's sentence should be reduced as set forth above. Hopkins, Acting P. J., Martuscello, Latham, Christ and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY BRUNO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 5, 1973, convicting him of possession of untaxed cigarettes, upon his plea of guilty, and imposing sentence; and from an order of the same court entered July 5, 1973, denying defendant's motion for suppression of evidence seized from his person, his auto, and his home. Judgment and order reversed, on the law and the facts, and in the interest of justice, and the indictment dismissed. We agree with the District Attorney's concession that there was no probable cause for arrest and that the search incident thereto was unreasonable and illegal. The evidence seized should have been suppressed. An arrest cannot be justified by what a search reveals; it must be valid at its inception, and evidence seized pursuant to an arrest without probable cause must be suppressed (*People* v. *McCarthy*, 14 N Y 2d 206; *People* v. *Loria*, 10 N Y 2d 368). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE COSTALES, Appellant.— Judgment of the Supreme Court, Richmond County, rendered July 12, 1973, affirmed. No opinion. The case is remanded to Supreme Court, Richmond County, for proceedings to require appellant to surrender himself in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.