■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT VASSALLO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1974, convicting him of unlawful possession and transportation, for the purpose of sale, of unstamped and unlawfully stamped cigarettes, upon his plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court, rendered November 23, 1973, which denied defendant's motion to suppress evidence seized from a truck. Judgment reversed, on the law and the facts, and indictment dismissed. On January 17, 1973, at approximately 8:00 P.M., two plain-clothes patrolmen on routine patrol entered a shopping center parking lot in Brooklyn. Many of the stores in the shopping center, including a Korvettes, were open and customers were entering and leaving the stores and the parking lot. At a point away from most of the stores, one of the patrolmen, Officer Forzano, noticed a truck and an automobile parked against a curb where a bank was located. From a distance of approximately 40 feet, he observed defendant walking from the truck and placing a brown package into the trunk of the car. The officers circled around the lot to approach defendant from another entrance. When they again drove up to the truck, the car had left and defendant was standing next to the truck. As Officer Forzano alighted from his car to talk to defendant he observed in the truck, the side doors of which were open, five packages, similar in size and shape to the one which defendant had placed in the car. Despite the fact that the packages were wrapped in ordinary brown paper, with no markings on the outside, Officer Forzano testified that, based on his experience, untaxed cigarettes are usually packaged in this manner. Defendant was asked for his license and registration, which he tendered. Although these documents were in order, the officer asked defendant what was in the packages. He responded that they were cigarettes and then, without being prompted, asked the officers whether they were "cigarette tax men". Officer Forzano thereupon reached into the truck, removed part of the wrapping from one of the packages and saw cartons of cigarettes. He opened one of the cartons and discovered that the required New York State tax stamp was absent. Defendant was immediately placed under arrest. The People contend that probable cause for the search existed, based upon the totality of circumstances. We disagree. Although defendant's conduct was not inconsistent with culpable possession of untaxed cigarettes, it was also susceptible of many innocent interpretations. At best, his behavior was "equivocal and suspicious" (*People* v. *Corrado,* 22 N Y 2d 308, 311). It was not supplemented by acts or circumstances raising "the level of inference from suspicion to probable cause" (*People* v. *Corrado,* supra, p. 313). For example, defendant's answers to the questions put to him were not evasive or unresponsive (cf. *People* v. *Rosemond,* 26 N Y 2d 101, 105). He did not attempt to flee when the officers approached (cf. *People* v. *White* 16 N Y 2d 270). Nor was there a repeated pattern of activity (cf. *People* v. *Valentine,* 17 N Y 2d 128, 132). Indeed, the facts herein are very similar to those pre-

sented to this court in *People* v. *Bruno* (45 A D 2d 1025), in which we held the search to be unlawful. Accordingly, the evidence seized should have been suppressed. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.