■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GIAMMARINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 20, 1976, convicting him of unlawful possession and transportation for the purpose of sale of untaxed cigarettes, as a felony, upon his plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court, made November 14, 1975, after a hearing, which denied defendant's motion to controvert a search warrant and to suppress physical evidence. Judgment affirmed. Based upon an affidavit executed by an officer of the New York City Police Department assigned to the Cigarette Tax Enforcement Unit, which detailed observations made at 22 Union Street, Brooklyn, on March 5, 6 and 7, 1975, as set forth in the dissent, a warrant was issued on March 13, 1975 to search the subject premises. Defendant contends that there was a lack of probable cause to justify the issuance of the warrant. We disagree. Defendant's conduct was more than merely equivocal and suspicious. The pattern of behavior described in the said affidavit amounted to probable cause to believe that defendant committed the crime charged and, therefore, justified the issuance of a search warrant (see *People v Valentine*, 17 NY2d 128). *People v Vassallo* (46 AD2d 781) and *People v Corrado* (22 NY2d 308) are to be distinguished since, in both of those cases, there was no repeated pattern of activity and no warrant was issued. Defendant also contends that his motion should have been granted because the search warrant contained the mere provision that there is probable cause to believe that untaxed cigarettes "will be delivered" to 22 Union Street. We disagree. The affidavit established that there was a flow of contraband at 22 Union Street and created a substantial probability that untaxed cigarettes would be found on the premises when searched. The warrant had to contain a "will be delivered" provision since the contraband was apparently being taken in and out of the subject premises. Therefore, we hold that the warrant was proper (see *People v Glen*, 30 NY2d 252, 259). Accordingly, the suppression motion was properly denied. We have examined defendant's other contention and find it to be without merit. Hopkins, Acting P. J., Rabin, Shapiro and Titone, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment, grant the motion and dismiss the indictment, with the following memorandum: Defendant's premises were searched pursuant to a warrant and untaxed cigarettes were seized. His motion to suppress the contraband was denied and he pleaded guilty to possession or transportation for the purpose of sale of untaxed cigarettes, as a felony. Defendant seeks review of the denial of his motion to suppress the contraband. The affidavit in support of the warrant was executed by Officer De Marco, a member of the New York City Police Department, assigned to the Cigarette Tax Enforcement Unit. Officer De Marco averred that on March 5, 1975, at about 12:40 A.M., he observed a van enter the garage at 22 Union Street, Brooklyn, New York, and that 20 minutes later, the van backed out of the garage and proceeded to a certain address on 13th Street in Brooklyn. Once there, packages wrapped in brown paper and masking tape were unloaded; the packages were the same type as the "half-cases commonly used by cigarette smugglers". From 6:00 P.M. to 10:30 P.M. on March 5, he again observed 22 Union Street. During that period, approximately eight men entered the premises and exited carrying brown paper bags "the size and shape of cartons of cigarettes". On March 6, 1975, from 3:30 P.M. to 6:15 P.M., he saw four men enter the premises at different times and exit therefrom with brown paper bags the "size and shape of cartons of cigarettes". On March 7, 1975, at about 7:20 P.M., De Marco saw the same van enter the garage at 22 Union Street. De Marco's

affidavit contained no explanation of why the police were investigating the said premises. The reason supplied by De Marco, at the suppression hearing, was that he had received an "official communication * * * from the police department". The nature of that communication, however, was not revealed and there was no indication that an informer was involved. Those facts fall far short of establishing probable cause which would justify the issuance of a warrant. No observation was made of what transpired in the garage and no cigarettes were actually seen at any time during the three days of surveillance. At the suppression hearing, Officer De Marco conceded that the packages carried out could have been anything, including noncontraband items. No basis was shown for inferring that cigarettes were actually in the packages. Defendant's conduct was susceptible of many innocent interpretations and, at best, was merely equivocal and suspicious (see *People v Corrado*, 22 NY2d 308; *People v Vassallo*, 46 AD2d 781). Such conduct does not rise to the level of probable cause. The warrant issued on the basis of De Marco's affidavit authorized a search of 22 Union Street on the ground "that there is probable cause for believing that certain property consisting of a quantity of untaxed cigarettes * * * will be delivered" thereto. De Marco's affidavit does not measure up to the standard set forth in *People v Glen* and *People v Baker* (30 NY2d 252) for the issuance of a search warrant for property which has not yet arrived at the premises to be searched. In *People v Glen (supra)*, the affidavit averred that a package containing narcotics and consigned to Glen, a known drug possessor, was due to arrive at a local Greyhound bus depot and that Glen had called for the package earlier that morning but that it had not yet arrived. The affiant's information was based upon a tip from an informer whose reliability was adequately demonstrated. In *People v Baker (supra)*, a warrant was issued upon averments that a package of narcotics was in the control of postal authorities and delivery thereof was scheduled for a specific day. In contrast, here there was no showing as to how the police knew that there would be a future delivery of untaxed cigarettes. Furthermore, the last observation of the premises was made on March 7, 1975, and the application for the warrant was not made until March 13, 1975. Accordingly, there was no probable cause justifying the issuance of the warrant. For the foregoing reasons, I would reverse the judgment, grant defendant's motion to suppress and dismiss the indictment.