■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING KATZ and JOSEPH CONFESSORE, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, rendered November 7, 1975, convicting each of them of unlawful possession, etc., of untaxed cigarettes, as a felony, upon a plea of guilty, and imposing sentence. Judgments affirmed. There was probable cause, on the basis of the personal observations of two investigators, for the issuance of a search warrant. Defendants' applications to withdraw their pleas of guilty were properly denied since the Criminal Term did not violate its promise as to sentence. Hopkins, Acting P. J., Cohalan, Rabin and Titone, JJ., concur; Martuscello, J., concurs in the result, with the following memorandum: Although the affidavit submitted in support of the search warrant was insufficient to justify the issuance of said warrant, I nevertheless vote to affirm on the constraint of *People v Giammarino* (53 AD2d 871).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 19, 1975, upon resentence, convicting him of criminal possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review (1) a decision of the same court, dated April 21, 1975, which, after a hearing, denied defendant's motion to suppress physical evidence and (2) a further decision of the same court, dated April 22, 1975, which denied defendant's application to preclude the People from cross-examining him, should he testify, with regard to certain convictions. Judgment affirmed. The motion to suppress the gun was properly denied, since there was probable cause for the seizure of the weapon *(see People v Oden,* 36 NY2d 382, 384; *People v Chamberlain,* 46 AD2d 981). Likewise, the defendant's application to preclude the People from cross-examining him as to prior convictions was properly denied. The prior robbery and attempted larceny convictions were clearly relevant on the question of the defendant's veracity and the prior murder conviction, as a crime of calculated violence, was properly a subject of cross-examination (see *People v Sandoval,* 34 NY2d 371, 377). The fact that an appeal of the murder conviction was pending is of no moment. The trial court protected the defendant's interest by precluding inquiry as to specific prejudicial factors concerning those convictions. Finally, the record establishes that the People met its burden of proving the defendant's guilt beyond a reasonable doubt. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.