■ The People of the State of New York, Respondent, v Marc Collier, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County, rendered November 15, 1973, convicting him of attempted possession of weapons, etc., as a felony, upon a plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court which, after a hearing, denied defendant's motion to suppress physical evidence, to wit, a gun. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. The evidence adduced at the suppression hearing disclosed that, at about 2:00 A.M. on June 28, 1973, a police officer received a message over his patrol car radio that two male Negroes were armed with a gun. The radio run allegedly described the two men and specified the make, color and license plate of an automobile parked at a bus stop in Queens, New York. The officer, who earlier had seen two men sitting in a car fitting that description, responded to the call with 8 to 10 uniformed officers, some of whom had their guns drawn. They surrounded appellant and his friend, who were sitting on the front fender and hood of the car. The two men ostensibly matched the description given in the radio run, although no specific items were mentioned or were recalled at the hearing. A police officer, who had his hand on his gun, demanded, "Who has the gun?" Both men denied having one. They were frisked but nothing was found. Appellant, upon inquiry, produced his driver's license and his aunt's registration. The car was then inspected and found to be locked. No gun was then observed. A patrolman, who admitted on cross-examination that he might have ordered appellant to "give me the keys to the car", obtained the keys from appellant, whereupon the car was unlocked and the gun was discovered well under the driver's seat. Both men were immediately arrested. A motion to suppress was denied. In our opinion the denial of the motion to suppress by the trial court was erroneous. In view of the above facts, and in light of the Court of Appeals holding in *People v Blanks* (35 NY2d 942), the initial frisk was proper, but there was no basis for the subsequent warrantless search of the vehicle. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.