■ THE PEOPLE OF THE STATE OF NEW YORK, v FRANK GRANDE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1976, convicting him of unlawful possession of untaxed cigarettes, as a felony, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Latham, Acting P. J., Margett and Suozzi, JJ., concur; Mollen, J., dissents and votes to reverse the judgment, grant the motion to suppress physical evidence, and dismiss the indictment, with the following memorandum: I am of the opinion that there was no probable cause for the warrantless search of the defendant's garage and that any property seized as a result thereof should have been suppressed. It is clear that, while a person who claims to be aggrieved by an illegal search and seizure has the burden of proof, nevertheless, as was stated by our Court of Appeals in *People v Berrios* (28 NY2d 361, 367): "The People must, of course, always show that police conduct was reasonable * * * the People are nevertheless put to 'the burden of *going forward* to show the legality of the police conduct in the first instance'" (emphasis in original). In the instant case the People have failed to meet that burden. The People's case consisted of the testimony of two investigators from the New York State Department of Taxation and Finance, who testified, in substance, as follows: On June 27, 1974, at approximately 8:00 A.M., the two investigators, accompanied by their supervisor, arrived at the defendant's residence with a warrant for his arrest, which they had in connection with an unrelated Queens County matter. The investigators remained in their car until approximately 9:30 A.M., when they saw the defendant come out of his home, walk down the front steps and walk approximately four feet to his garage door. When the defendant arrived at the garage door he knocked on it and it was opened by a female, who was later learned to be the defendant's wife. At that time, as the defendant was standing in front of the garage door, the investigators left their car and proceeded toward the defendant, who had his back to them. As they approached the defendant they identified themselves and told the defendant that he was under arrest. At that time the investigators were standing in the driveway. They testified that from that position they observed wrapped half cases, cartons wrapped in brown paper bags, and the ends of some exposed cartons of cigarettes which contained the names of the manufacturers. During the course of one of the investigators' testimony, he conceded that he could not see that the packages of cigarettes

did not have tax stamps on them and that the only way in which he could determine whether a tax stamp was contained on an individual package of cigarettes was by opening the cartons. Nor did the other investigator testify that he could see that the packages of cigarettes did not have the required tax stamps. The investigators then entered the garage, opened the cartons and examined the packages of cigarettes, which were found to contain tax stamps from the State of North Carolina. None of the packages of cigarettes contained the necessary New York State or New York City tax stamps. At that point the defendant and his wife were placed under arrest for unlawful possession, transportation for the purpose of sale of unstamped and unlawfully stamped packages of cigarettes, as a felony. An arrest cannot be justified by what a search reveals; it must be valid at its inception, and evidence which is seized pursuant to an arrest without probable cause must be suppressed *(People v McCarthy,* 14 NY2d 206; *People v Loria,* 10 NY2d 368). In the instant case the investigators were not acting pursuant to any information supplied by a reliable informant, nor did the defendant have any prior arrest for a crime involving untaxed cigarettes. Furthermore, there had been no prior surveillance of the defendant or his residence. Nor had there been any observation by the investigators of any vehicle which had previously been used in connection with a crime involving untaxed cigarettes (cf. *People v Farenga,* 52 AD2d 587; *People v Pepitone,* 48 AD2d 135, affd 39 NY2d 907). Thus, the sole question presented for our determination is whether the investigators' observation of large wrapped cartons, some smaller wrapped packages and the exposed ends of cartons of cigarettes containing the brand names of known manufacturers, provided them with the necessary probable cause to enter and search the defendant's garage. In *People v Garafolo* (44 AD2d 86), the defendant also was charged with possession of untaxed cigarettes and convicted therefor and, as in the instant case, the same question was presented on appeal, namely, whether there was sufficient probable cause for the defendant's arrest and whether the subsequent search of his garage was in violation of the Fourth Amendment. It was determined, by a divided court, that the initial arrest was illegal and that everything which flowed thereafter violated his constitutional rights. In the majority opinion the court stated, in part, as follows (pp 88–89): "Obviously Murphy [the tax investigator] could not have observed from the public sidewalk the lack of a tax stamp on individual packs of cigarettes contained in cartons and encased in unopened boxes in the back of an unlighted garage. * * * *This is not a case of seizing contraband in open view,* as in *People v. Swanberg* (22 A D 2d 902, mod. on other grounds 16 N Y 2d 649). *Here, a search was necessary before it could be determined that these cigarettes were unstamped and untaxed"* (emphasis supplied). The language above set forth from the *Garafolo* case was quoted with approval in the majority opinion in *People v Pepitone* (48 AD2d 135, 137, *supra)* which held that the defendant's arrest and the subsequent search and seizure were in violation of his Fourth Amendment rights. More recently, this court had occasion to pass on a case which contained a fact pattern which was very similar to the one at bar. In *People v Ferrazzano* (52 AD2d 629), an investigator from the New York State Department of Taxation and Finance testified that on the basis of information received from his office, allegedly originating from a detective, he went to 572 East 80th Street, in Kings County, to investigate information that untaxed cigarettes and fireworks were being sold at those premises. When the investigator arrived at the East 80th Street location, he parked his car across the street and observed an individual, later identified as James Ruff, opening the

trunk of a four-door sedan which was backed in on the sidewalk of the premises then under his surveillance. Ruff removed two half cases of cigarettes, which were wrapped in brown paper and masking tape. Ruff then took them into the basement of the residence of his premises. He then repeated the operation, taking two additional half cases into the basement. As Ruff started his third trip, the investigator approached him and observed cartons of cigarettes through a tear in one of the half cases. The investigator then identified himself to Ruff and placed him under arrest. The investigator then went over to a female, who was subsequently identified as Edna Ferrazzano, who was then holding 30 cartons of cigarettes. The investigator identified himself to Ms. Ferrazzano and then placed her under arrest. Both defendants were then warned of their constitutional rights and the investigator proceeded to open a carton of cigarettes. His examination disclosed that the packages of cigarettes failed to contain the necessary New York State and New York City tax stamps. This court unanimously affirmed the order granting the motion to suppress, citing the cases of *People v Vassallo* (46 AD2d 781); *People v Bruno* (45 AD2d 1025); *People v Rizzo* (47 AD2d 468, affd 40 NY2d 425); and *People v Pepitone (supra).* I find no basis, other than mere suspicion, for the investigators' entry into defendant's private garage and the subsequent search and seizure which resulted in the instant arrest (see *People v Corrado,* 22 NY2d 308, 311; *People v Rizzo, supra).* Accordingly, the judgment should be reversed, the suppression motion granted, and the indictment dismissed.