EDMUND J. PERESLUHA, II, Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, December 27, 1977

## APPEARANCES OF COUNSEL

*Richard P. Broder* of counsel *(Ira H. Futterman* with him on the brief; *Pearlman, Gottesman, Apat, Kupillas & Futterman,* attorneys), for appellant.

*James P. Griffin* of counsel *(Bernard Burstein* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for respondents.

## OPINION OF THE COURT

LANE, J.

Two cars and a tractor-trailer were involved in an accident on the Cross-Bronx Expressway on March 21, 1969 at approximately 3:30 A.M. The driver of one of the cars immediately left the scene of the accident. Edmund John Peresluha alleged that he observed the accident and chased after the car which left the scene, overtook it, and recorded its license-plate number. He passed the vehicle and went to telephone the information to the police. The driver of the car he was pursuing followed him. The driver of the allegedly pursued car, Gerald Prezio, interrupted Peresluha's telephone call and told Peresluha that he was a police officer. Peresluha finally did complete the phone call to the police.

Prezio claimed that it was he who observed Peresluha

leaving the scene of the accident. He therefore arrested Peresluha and, in a criminal complaint, charged Peresluha with leaving the scene of an accident without reporting personal injury, and with reckless driving. Peresluha was arraigned on these charges on March 21, 1969. The criminal action was dismissed on motion of the Assistant District Attorney on April 15, 1970 after numerous adjournments were granted because of the nonappearance of Prezio.

On June 10, 1970, Peresluha filed a notice of claim against the City of New York and instituted this lawsuit against the City of New York, the Police Department of the City of New York, and Gerald Prezio, by service of a summons and complaint on October 26, 1970, alleging, in essence, causes of action for false arrest and malicious prosecution based on the March 21, 1969 events and the subsequent dismissal of the charges against Peresluha.

After Peresluha filed his notice of claim, the owner of the tractor-trailer and the driver of the tractor-trailer involved in the March 21, 1969 incident instituted an independent action (hereinafter referred to as the "tractor-trailer action") to recover for personal injury and property damage which they incurred. They named as defendants Edmund John Peresluha, Gerald Prezio, and Thomas Robinson (the driver of the other car involved in the accident). A jury trial in the tractor-trailer action resulted in a unanimous general verdict finding that only Edmund John Peresluha was guilty of negligence.

The City of New York, on behalf of all named defendants, moved in the action at bar to dismiss the complaint on the grounds of the bar of collateral estoppel worked by the tractor-trailer action and the failure of Peresluha to comply with the time limitations contained in sections 50-e and 50-i of the General Municipal Law.

Special Term granted the motion. We hold that the cause of action for false arrest should have been dismissed; the cause of action for malicious prosecution should not.

The false arrest claim arose on March 21, 1969, the date of Peresluha's arrest and arraignment (*Molyneaux v County of Nassau,* 22 AD2d 954, affd 16 NY2d 663; *Allee v City of New York,* 42 AD2d 899). The notice of claim filed by Peresluha on June 10, 1970—more than 90 days after March 21, 1969—was therefore untimely filed (General Municipal Law, § 50-e). The action based thereon, commenced on October 26, 1970—more than one year and 90 days after March 21, 1969—was likewise

untimely brought (General Municipal Law, § 50-i). Special Term therefore properly dismissed the cause of action in the complaint alleging false arrest.

■ However, Special Term found that the cause of action for malicious prosecution, though timely brought,* must nonetheless be dismissed on the basis of collateral estoppel worked by the finding of negligence against Peresluha alone in the separate action brought by the driver and owner of the tractor-trailer. It is with this collateral estoppel aspect of the determination of Special Term that we disagree.

■ The elements of the tort of malicious prosecution are fourfold; they are: "(1) [T]he commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *(Broughton v State of New York,* 37 NY2d 451, 457.)

■ The essential elements of an action for negligence require "first, the existence of a duty owing by the defendant to the plaintiff; second, defendant's failure to discharge that duty; third, injury to plaintiff proximately resulting from such failure" (41 NY Jur, Negligence, § 7, p 13).

■■ The facts necessary for a finding of negligence are not the same facts required for a finding of malicious prosecution. There are absent, therefore, the two necessary requisites for invoking the doctrine of collateral estoppel; namely, identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and a full opportunity to contest the decision now claimed to be controlling *(Schwartz v Public Administrator,* 24 NY2d 65, 71).

■ In any event, we cannot say that the record presently before the court indicates, for example, that the element of probable cause essential to prove a cause of action for malicious prosecution was of necessity or in fact proven in the tractor-trailer action. The complaint lodged against Peresluha charged him with the misdemeanors of reckless driving (Vehi-

---

* [1] A cause of action for malicious prosecution arises when the underlying legal proceeding is terminated *(Giglio v Delesparo,* 46 AD2d 928; see, generally, Limitation, Malicious Prosecution, Ann. 87 ALR2d 1047, 1050). The criminal action which formed the basis for the malicious prosecution claim was terminated by dismissal on April 15, 1970. The notice of claim filed on June 10, 1970 and the summons and complaint served on October 26, 1970 were therefore brought within the time limitations delineated in sections 50-e and 50-i of the General Municipal Law.

cle and Traffic Law, § 1190) and leaving the scene of an accident without reporting (Vehicle and Traffic Law, § 600). The latter misdemeanor requires knowledge on the part of the offender that damage has been caused to either a person or property.

In 1969, the date of this incident, a police officer could effectuate an arrest without a warrant if he had, *inter alia,* "reasonable grounds for believing that an offense is being committed in his presence" (Code Crim Pro, § 177). An arrest for a violation of section 600 of the Vehicle and Traffic Law could be effectuated even if the offense was not committed in the presence of the officer as long as he had "reasonable cause to believe that the violation was committed by such person" (Vehicle and Traffic Law, § 602). "Reasonable cause", "reasonable grounds", and "probable cause" have been considered to be synonymous terms *(People v McCarthy,* 14 NY2d 206, 209; *People v Valentine,* 17 NY2d 128, 131). Prezio did not testify at the tractor-trailer action; however, his examination before trial was read into the record.

On this motion, Special Term had before it the transcript of the tractor-trailer action. However, Prezio's examination before trial, which was read to the jury, was not transcribed as part of the tractor-trailer record, nor submitted separately to Special Term on the motion which is now the subject of this appeal. Consequently, Special Term could not point to any sworn testimony of Prezio which would show that he had probable cause to arrest Peresluha for leaving the scene of an accident knowing that personal injury and property damage had been caused.

■ ■ Assuming that the missing examination before trial were before the court, dismissal of the malicious prosecution claim would still not obtain. It cannot be inferred from the jury's general verdict of negligence in the tractor-trailer action that the jury necessarily decided that there was probable cause extant for Prezio to arrest Peresluha. There was no specific finding by the jury that Peresluha drove recklessly or that he improperly left the scene of the accident. The verdict of the jury in the tractor-trailer case is proof that Peresluha was guilty of negligence and nothing more. Under the circumstances, Special Term should not have dismissed the cause of action for malicious prosecution.

Accordingly, the judgment of the Supreme Court, Bronx County (COTTON, J.), entered January 12, 1976, dismissing the

complaint, should be unanimously modified, on the law, to the extent of reinstating the complaint insofar as it alleges a cause of action for malicious prosecution, dismissing the affirmative defenses of failure to comply with sections 50-e and 50-i of the General Municipal Law as to that cause, severing the complaint insofar as it alleges a cause of action for false arrest, and otherwise affirmed, without costs or disbursements.

The appeal from the order of the Supreme Court, Bronx County (COTTON, J.), entered December 8, 1975, granting defendant's motion to dismiss the complaint, and the appeal from the order of the Supreme Court, Bronx County (DI FEDE, J.), entered March 4, 1975, denying the plaintiff's motion to dismiss the affirmative defenses of failure to comply with sections 50-e and 50-i of the General Municipal Law should be unanimously dismissed, without costs or disbursements, since an appeal from an intermediate order may not survive the entry of final judgment (CPLR 5501, subd [a], par 1; *Champion Int. Corp. v Dependable Inds. Corp.,* 47 AD2d 473, 475; *Gruen v Gruen,* 59 AD2d —). However, the orders have been reviewed to the extent that they may have affected the final judgment pursuant to CPLR 5501 (subd [a], par 1) and, upon such review, the orders of March 5, 1974 and December 8, 1975 should be modified to the extent indicated by modification of the judgment entered January 12, 1976.

MURPHY, P. J., LUPIANO and BIRNS, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on January 12, 1976, unanimously modified, on the law, to the extent of reinstating the complaint insofar as it alleges a cause of action for malicious prosecution, dismissing the affirmative defenses of failure to comply with sections 50-e and 50-i of the General Municipal Law as to that cause, severing the complaint insofar as it alleges a cause of action for false arrest, and otherwise affirmed, without costs and without disbursements.

Appeals from order of said court, entered on March 4, 1975 and from order of said court, entered on or about December 8, 1975, unanimously dismissed, without costs and without disbursements. However, said orders have been reviewed to the extent that they may have affected the final judgment pursuant to CPLR 5501 (subd [a], par 1) and, upon such review, said orders are modified to the extent indicated by the modification of the judgment.