■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VIDAL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 27, 1976, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law and the facts, Indictment No. 8235/75 is dismissed, and the case is remitted to Criminal Term for further proceedings with respect to Indictment No. 1068/75. On July 26, 1975 a plainclothes detective observed a 1974 Cadillac stopped at a bus stop in the vicinity of 183rd Street and Jamaica Avenue in Queens, New York. Defendant was sitting in the driver's seat and two other males were sitting in the rear seat. The detective asked defendant for identification, whereupon defendant exited the car. Defendant produced a registration in the name of the female owner but could not produce a driver's license. While defendant was outside the vehicle talking to the

detective's partner, the detective opened the door on the driver's side and leaned into the car, purportedly to question the two passengers. At that juncture the detective observed a clear plastic envelope containing what appeared to be marihuana on the front seat. Then the detective lifted the arm rest and found two bags of white powder, which it was later determined contained cocaine. Although the fact that the vehicle was stopped at a bus stop may have constituted an "articulable basis" for approaching defendant and asking to see his license and registration (cf. *People v Ingle,* 36 NY2d 413, 420), there was no justification for reaching into the vehicle and conducting a visual search of its interior. The act of opening the car door and leaning inside was clearly a search. There was no evidence that the detective believed or had reason to believe he was in physical danger, which may have justified such an intrusion (see *People v Pollaci,* 68 AD2d 71). Consequently, the contraband was seized in violation of defendant's constitutional rights, and Indictment No. 8235/75, charging defendant with possession of cocaine and marihuana, must be dismissed. For purposes of disposition Indictment No. 8235/75 was consolidated with Indictment No. 1068/75 charging defendant with unrelated crimes. We remit Indictment No. 1068/75 to Criminal Term for further proceedings. O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.