OPINION OF THE COURT
Carol Berkman, J.
The issue presented by this case is not an uncommon one. One officer (Police Officer Dunkle) actually arrested the defendant, but his partner (Detective McCormack) “took” the arrest, processed the defendant, and told an Assistant District Attorney the events leading up to the arrest as related to him by Dunkle. At trial, the testimony of the officer who had arrested the defendant was inconsistent with the assistant’s writeup of her interview with McCormack. McCormack said he could not remember what Dunkle had told him. The defense offered the writeup as a prior inconsistent statement, not of the processing officer but of the officer who had actually made the arrest, Dunkle. The People contend that this was inappropriate, because the writeup was based on an interview with McCormack. The court rules that the People may not use this catch-22 to insulate a police officer from impeachment.
McCormack testified that he knew nothing of the apprehension except what Dunkle told him, that he used his best efforts to report his conversation to the assistant, and that he had no present recollection of what the conversation had been.
The Assistant District Attorney who prepared the writeup also prosecuted at trial. She stipulated that if she were called as a witness, she would testify that one of her *256 official duties is to interview witnesses at intake, that she interviewed McCormack and took notes, either contemporaneously with the interview or shortly thereafter, reflecting her understanding of what he had told her. She refused to stipulate that it was her duty to take notes of what she considered to be the pertinent portions of the interview.
Officer Dunkle testified that after the cab in which defendant was a passenger was stopped for traffic violations, the defendant got out on his own volition and started to walk away, bumping into the officer and slapping his hand away. The officer said he did not tell the defendant to get out of the taxi, recalled no conversation with the defendant before he left the taxi, and had no conversation after the defendant got out. He said he did not remember whether he ever told McCormack that he had directed the defendant to get out of the cab, and also did not remember telling McCormack that after he grabbed the defendant, the defendant told him to remove his hand.
According to the writeup, both passengers had been directed out of the taxi. Thereafter, the writeup states that when Officer Dunkle put his hand on defendant, defendant told the officer to remove his hand. The inconsistency is one which may have great relevance to this case, especially with respect to the motion to suppress. (Cf. Pennsylvania v Mimms, 434 US 106; People v David L., 81 AD2d 893; People v Vidal, 71 AD2d 962.)
Dunkle did not admit having made such inconsistent statements. The defense was entitled to try to prove by McCormack’s testimony that Dunkle had in fact made the statement. (Richardson, Evidence [Prince, 10th ed], §§ 501, 502; People v Wise, 46 NY2d 321, 326.)
However, McCormack could not remember what Dunkle had told him. The defense accordingly offered the relevant portions of the assistant’s writeup. Despite the assistant’s objections, that writeup was admissible for the purpose of impeaching Dunkle’s testimony.
A memorandum made by a witness is admissible as a witness’ past recollection recorded if the memorandum was made at or about the time of the transaction and the witness can certify the accuracy of the memorandum. *257 (Richardson, Evidence [Prince, 10th ed], § 469.) Normally only a memorandum made by the witness is admissible as that witness’ past recollection recorded. An exception is made, however, where the witness reported the event at or about the time of the occurrence, “in the regular course of business,” and. where the person to whom it was reported made the notes promptly and “in the regular course of business.” The requirement that the report and the entry be made “in the regular course of business” is meant to preclude the admissibility of “a mere private memorandum, not made in pursuance of any duty owing by the person making it, or when made upon information derived from another who made the communication casually and voluntarily, and not under the sanction of duty or other obligation.” (Mayor, Aldermen & Commonalty of City of N. Y. v Second Ave. R.R. Co., 102 NY 572, 581.)[1]
It is unnecessary to decide whether the writeup, when offered by the defense, qualifies as a business record,[2] but certainly the writeup is not a mere private, casual memorandum. It is used as the basis of bail applications at arraignment. The information in this writeup was conveyed to defense counsel and she used that information as the basis of her motion to suppress. Frequently, if not in this case, all parties involved — the court, the prosecutor and the defense — evaluate the People’s case largely on the basis of the writeup, and as such it can help determine the plea offered or accepted and the sentence to be imposed.
The fact that the assistant has discretion as to what to include or not include in the writeup does not change the conclusion that the memorandum is sufficiently reliable to be considered by the jury. Police officers have discretion as to what to include in accident or complaint reports, and some discretion must always exist when what is noted is any sort of narrative. Yet such reports are regularly admitted in evidence for the purpose of impeaching witnesses or of showing admissions by parties. (Kelly v Wasserman, 5 NY2d 425 [welfare department notes of conversations with *258 defendant landlord, offered by plaintiff welfare client]; Penn v Kirsh, 40 AD2d 814 [police accident report containing admission by plaintiff, offered by defendant].)
In People v Jackson (40 AD2d 1006) the Appellate Division unanimously held that information in a UF-61, even if not directly derived from the complaint, could be used to impeach his testimony at trial if the complainant was the source of the information. The court noted (p 1007) that “[t]he fact that the officer who recorded the entry was not the officer who obtained the information does not impair the admissibility of the report under the business record rule.”
The rules of evidence are not designed to insulate witnesses from cross-examination and impeachment. To the contrary, the interests of justice call for admitting as much relevant information as possible. This is a fortiori the case where the witness is a police officer and the document sought to be used to impeach that officer has been prepared by the prosecutor.

. Mayor was decided before the enactment of a statutory exception for the admissibility of business records, now CPLR 4518 (subd [a]), formerly section 374-a of the Civil Practice Act.

. Since the writeup is prepared for litigation, it would not qualify for the business record exception when offered by the prosecution.