■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY B. FEINGOLD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 8, 1983, convicting him of criminal possession of marihuana in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought suppression of physical evidence.

Judgment reversed, on the law and the facts, the aforenoted branch of defendant's motion granted, indictment dismissed, and case remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

According to the People's evidence adduced at the suppression hearing, defendant's car was stopped for speeding on Montauk Highway by two police officers. A short time later, Officer Robert Kraye, who was also patrolling the area, arrived at the scene. Although the officers had not called for assistance, Kraye testified that he left his car and walked towards defendant's car in order to check the inspection sticker on the windshield. As he walked from the back to the front of defendant's car, on the driver's side, he "happened to look down", and saw a burlap bag, "the size of a bank bag", laying on its side on the floor behind the driver's seat. He noticed a white substance and some pills protruding from the top of the bag. Based on his training in the identification of controlled substances, he "felt" that the white substance was cocaine. He opened the car door, removed the bag and looked inside. Thereupon defendant was arrested. Kraye also testified that when he was by the car, he smelled what he "felt was marijuana * * * coming from the trunk". About an hour after defendant was arrested, the trunk was searched, and a quantity of marihuana was found in the trunk in plastic bags.

Kraye testified that the marihuana found in the trunk had nothing to do with defendant's arrest.

While Kraye testified on direct examination that he was looking straight down through the driver's window when he saw the burlap bag, it was brought out on cross-examination that there were two windows on the driver's side of this two-door car and Kraye equivocated as to which window he looked through. He stated, "I don't recall. It might have been the driver's window". On redirect examination, after he looked at a photograph of the car in evidence, which he testified was "a fair and accurate picture of the defendant's vehicle", Kraye testified that he had been looking through the rear window when he saw the burlap bag.

The hearing court resolved the discrepancy in Kraye's testimony by finding as a fact that "[t]he bag was just to the rear of the driver's seat and he [Kraye] was looking directly down through the driver's window". However, the court went on to consider Kraye's further testimony that he had noticed a "detectable and identifiable odor of marijuana", and held that "under the totality of the circumstances there was probable cause to arrest and the seizure without a warrant was permissible". We disagree.

On a motion to suppress, although a defendant who challenges the legality of a search and seizure has the burden of proving illegality, it is the People who have the burden of going forward in the first instance to show the legality of the police conduct (e.g., *People v Berrios,* 28 NY2d 361, 366).

The focal point of our inquiry concerns the legality of Officer Kraye's opening of the car door and seizure of the burlap bag. Only if the discovery of the contraband in the burlap bag is upheld as being in plain view, would there have been probable cause for defendant's arrest and the subsequent search of the entire car, which led to the discovery of the marihuana in the trunk (see *United States v Ross,* 456 US 798; *People v Langen,* 60 NY2d 170, cert den __ US __, 104 S Ct 1287).

We have examined the record which contains photographs of defendant's car admitted in evidence as truly and accurately reflecting the vehicle as it appeared when it was stopped, and have concluded that it would be physically impossible to see a small burlap bag which was behind the driver's seat by looking directly down through the driver's window. Since Criminal Term, as the trier of fact, specifically found that Officer Kraye looked directly down through the driver's window, he could not have seen the small burlap bag which was behind the driver's seat. Hence, we find no justifiable basis for the arrest of defendant. The validity of an arrest depends upon the existence of

probable cause at the time of the arrest and such probable cause cannot be based on evidence obtained as the result of an ensuing search (*People v McCarthy,* 14 NY2d 206; *People v Loria,* 10 NY2d 368; *People v Grande,* 56 AD2d 636, affd 45 NY2d 717). Thus, the discovery of marihuana in the trunk of the car an hour after defendant's arrest cannot be utilized to show probable cause.

We need not reach the question whether Kraye articulated at the hearing a sufficient basis for his conclusion that the white substance was contraband (*People v Richie,* 77 AD2d 667) or whether the substance could conceivably have been seen protruding through the burlap bag. Having concluded that Kraye could not have seen the bag in plain view, we find that the People failed to meet their burden of showing, in the first instance, the legality of the police conduct. There was no evidence that any police officer believed that he was in danger, nor any independent indication of criminality to entitle Kraye to open the door and look inside the defendant's car (*People v Young,* 81 AD2d 843, app dsmd 54 NY2d 1027; see, also, *People v Vidal,* 71 AD2d 962, 963; cf. *People v David L.,* 56 NY2d 698 [revg 81 AD2d 893], cert den 459 US 866). Accordingly, that branch of defendant's motion which sought suppression of physical evidence is granted and the indictment dismissed. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.