■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC LEARY, Appellant. [682 NYS2d 53] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 9, 1997, convicting him of criminal possession of a weapon in the third degree (four counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was a passenger seated in the rear of a livery. cab which was stopped by two police officers. Since the cab driver appeared to be lost, one of the officers questioned him as to his destination and where he had picked up the defendant. According to the officer, the driver simply appeared confused and gave no indication that he was in any danger, the defendant did not do anything to arouse his suspicions, and the officer had no reason to believe that any crime was being committed. The officer did observe a bag on the back seat, but there was nothing unusual about the bag, nor was there any indication that it contained contraband.

The officer then opened the rear door of the cab so that he could speak to the defendant and ascertain his destination in order to assist the driver. A shoulder bag was on the seat between the defendant and the door. Although he did not suspect any criminal activity, the officer wanted to lean into the car and place his hands on the seat, purportedly because he thought it would be "rude" to stand outside the cab and shout. Therefore, he lifted the bag and placed it on the floor of the cab. As he did so, he felt a heavy object shift from one side of the bag to the other. The officer then asked the defendant what was in the bag and the defendant responded "books". Because the single, shifting object did not appear to be books, the officer squeezed the outside of the bag and felt the magazine and handle of a gun. He then removed the bag from the cab, unzipped it and discovered a gun. As the defendant was being handcuffed, he stated that there was another gun in the side compartment of the bag.

The Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the guns and his statements. We reverse.

The defendant does not challenge the legality of the stop of the cab, and consequently that issue is not before us. However, he correctly contends that the officer exceeded the permissible bounds of a level one request for information (*see, People v Hollman,* 79 NY2d 181) when the officer opened the rear door, leaned into the cab, and moved the defendant's bag.

The police had an "objective, credible reason" for approaching the vehicle, which permitted a level one request for information (*see, People v Hollman, supra,* at 184). Nothing occurred while the driver was being questioned to arouse the officer's suspicions and elevate the permissible level of inquiry or intrusion. In an attempt to further ascertain the defendant's destination and assist the driver, the officer was also permitted to speak to the defendant. However, the minimal intrusion permitted by a level one inquiry was exceeded by the officer's conduct in opening the rear door, leaning into the car, and lifting and moving the defendant's bag (*see generally, People v Hollman, supra; see also, People v Vidal,* 71 AD2d 962). Since the discovery of the guns and the defendant's statements are the fruits of that unlawful conduct, those branches of the defendant's omnibus motion which were to suppress those items and statements must be granted. Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.