■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO AQUINO, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at suppression hearing, plea and sentence), rendered November 14, 1984, convicting defendant on his plea of guilty to two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02), and sentencing him to two concurrent five-year terms of probation, unanimously reversed, on the law, the

motion to suppress granted, the conviction vacated and the indictment dismissed.

On April 16, 1984, at about 8:45 P.M., Detectives Rodelli and Gallagher were on patrol in an unmarked car, when they observed appellant, operating a late-model Mercury Cougar, speeding and "weaving in and out of traffic" on the Edward L. Grant Highway in the vicinity of 172nd Street in The Bronx. After following him, they identified themselves as police officers and ordered him to pull over to the curb. He complied, exited his car, and left the driver's door ajar. Both officers exited their vehicle, Rodelli requesting that appellant, who appeared nervous, produce his operator's license and registration. Rodelli conceded that there was nothing unusual, other than the fact that the registration was not in appellant's name. He testified that he planned to check if the vehicle had been stolen but, before doing so, continued his "field investigation" and approached the open driver's door. While standing outside, he stuck his head into the car to peer inside, at which point he observed two .38 caliber bullets on the floor, under the steering column, midway between the pedals and the driver's seat. He then searched the passenger compartment and recovered an ammunition pouch near where the bullets had been found and, after removing the keys from the ignition, opened the trunk, searched it and found two revolvers.

Following a hearing, the motion to suppress was denied, the court concluding that the officers had a reasonable basis to stop the vehicle, having observed appellant speeding and weaving in and out of traffic. It held that, in conducting a routine investigation, Rodelli had observed the bullets "in plain view" and that this gave him sufficient cause to search the car, which disclosed the presence of an ammunition belt and two revolvers in the trunk. As a result, it held that there was probable cause for the search and the arrest.

We disagree and find on this record no basis to hold that the People satisfied the initial burden of going forward to demonstrate the legality of the police conduct in the first instance (see, People v Berrios, 28 NY2d 361, 367; People v Malinsky, 15 NY2d 86, 91, n 2). Contrary to the suppression court's finding, the record does not establish that the bullets were in plain view, as Rodelli testified on cross-examination. It clearly appears that he did not see them until after he bent over and stuck his head into the car, to look at the floor, under the steering column. He admitted that he "stepped up a few feet and stuck [his] head into the car and that's when [he] discovered the bullets".

In our view, this amounted to an unlawful search. There was no articulable basis for the officer to suspect any criminal activity. Nor was there any necessity to proceed out of any fear for his own safety or that of his fellow officer *(see, People v Vidal,* 71 AD2d 962; *compare, People v David L.,* 56 NY2d 698, *cert denied* 459 US 866). The sole predicate for the search was the commission of an ordinary traffic infraction, which, standing alone, will not justify a search of the vehicle *(cf. People v Marsh,* 20 NY2d 98).

The right of privacy, under both the Federal and State Constitutions (US Const 4th Amend; NY Const, art I, § 12), protects against unreasonable police intrusions. Here, the record unmistakably shows that Rodelli did not merely look into the vehicle from outside. He bent his head into the car to conduct a visual inspection of what would otherwise be hidden from plain view. This was improper. Plainly, on this record, there was no justification for the officer to lean into the vehicle to look around in a visual search of the interior of the car. *(People v Vidal, supra; compare, New York v Class,* 475 US —, 89 L Ed 2d 81.) This amounted to an unreasonable search, which infringed upon appellant's constitutional right of privacy. Concur—Murphy, P. J., Sullivan, Ross, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered on February 27, 1984, unanimously affirmed.