■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN YOUNG, Appellant. [615 NYS2d 767] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy J.), rendered April 15, 1993, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the plea is vacated, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for entry of an order in its discretion pursuant to CPL 160.50 (5).

We find that that branch of the defendant's motion which was to suppress physical evidence should have been granted, as the police conduct exceeded permissible constitutional bounds. Since the evidence which connected the defendant with the crime must be suppressed, the indictment must be dismissed *(see, People v Rossi,* 80 NY2d 952).

On September 15, 1992, the police stopped the defendant's vehicle after observing it making a right turn on a red light. After stopping his vehicle, the defendant driver, the sole occupant of the vehicle, exited the car, leaving the car door open in the process. The officer then asked the defendant for his license and registration, which the defendant gave to the officer. Before verifying the defendant's paperwork, the officer proceeded over to the defendant's vehicle and shined a flashlight into the open car towards the area of the steering column. Although the officer testified that the steering column

appeared intact, he then placed his hand inside the car in order to point the flashlight toward the floor of the car, where he observed the butt of a gun protruding from under the driver's seat. The defendant was then arrested, and later charged with criminal possession of a weapon.

The suppression court denied suppression of the gun, concluding that the officer's act of visually searching the car with a flashlight "was not an unlawful intrusion". We disagree.

Preliminarily, we note that since one has no legitimate expectation of privacy in locations within a car which are observable to a passerby, an officer's simply peering inside an automobile will not constitute a search. However, where an action is undertaken so as to expose an area in the car which is not readily observable from the outside, then the action does constitute a search within the meaning of the Fourth Amendment (see, People v Class, 67 NY2d 431; People v Aquino, 119 AD2d 464). In the case at bar, we find that the officer's action of placing his flashlight-laden hand inside the vehicle in order to better observe the floor of the car constituted a search.

It is well settled that a stop for a traffic offense will not justify a search of the motorist's vehicle unless there are reasonable grounds to believe that the motorist is guilty of a crime (as opposed to a traffic offense) (see, People v Belton, 55 NY2d 49, 54; People v Marsh, 20 NY2d 98, 101; People v Class, 67 NY2d 431, supra; People v Woods, 189 AD2d 838, 843), or if the officer, acting on a reasonable suspicion that criminal activity is afoot, has an articulable basis to fear for his own safety (see, People v Torres, 74 NY2d 224; People v Woods, supra, at 838, 843).

Here, however, the officer set forth no basis for a reasonable suspicion that the defendant's car might be stolen, or that any other criminal activity was afoot. Indeed, the officer testified that he stopped the defendant's car only because it went through a red light. Moreover, the defendant's car did not exhibit any outward indicia that it might be stolen (cf., People v Guzman, 203 AD2d 381) nor did the officer take the expedient step of verifying the defendant's ownership of the car before he initiated his search.

In addition, the record does not reveal any clear basis upon which we can conclude that there was reason for the officer to fear for his own safety after the defendant's vehicle had been stopped. The defendant complied with the officer's requests and exhibited no behavior of a threatening nature (see, People

*v Young,* 81 AD2d 843). Although the officer stated that the defendant was acting nervous after he was stopped, such behavior is "susceptible of innocent as well as culpable interpretation [and as such] will [not] constitute probable cause" *(People v De Bour,* 40 NY2d 210, 216). Moreover, there was no need for the officer to look into the car to safeguard himself from possible action by the occupants of the car, since the sole occupant of the car, the defendant, was already out of the car when the officer first approached *(see, People v Class,* 67 NY2d 431, *supra; People v Aquino,* 119 AD2d 464, *supra; cf., People v Vasquez,* 106 AD2d 327, *affd* 66 NY2d 968, *cert denied* 475 US 1109; *People v Guzman, supra).*

Contrary to the People's argument on appeal, the record does not clearly reveal that the officer's hand went inside the car only after the defendant pushed the officer by attempting to close the car door. Indeed, on the record before us, we cannot conclude that the open car door ever made contact with the officer during the time he visually inspected the car's interior.

Accordingly, we find that there was no basis for the officer to search the defendant's vehicle, since the search was not based upon a reasonable suspicion that criminal activity was afoot nor, under the circumstances, was there an articulable basis for the officer to fear for his safety *(see, People v Woods,* 189 AD2d 838, 843, *supra; People v Mikel,* 152 AD2d 603). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.