■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAWN CHAPMAN, Respondent. [621 NYS2d 568] —Orders, Supreme Court, Bronx County (John P. Collins, J.), entered on or about June 16, 1992 and June 18, 1992, granting defendant's suppression motion, unanimously affirmed.

The People have no basis for their claims that the officer's search of the car was lawful because it was based on reasonable suspicion to believe that defendant was armed, or on the officer's fear for his safety *(People v Parris,* 83 NY2d 342, 351).

Defendant's car had been involved in a minor collision with the patrol car. After the officers determined that there was no damage to either vehicle, defendant was removed from the car when he failed to produce his driver's license. Defendant was not frisked. The officer then returned to the car and retrieved a loaded gun on the driver's side floor area.

The officer was not merely peering, but instead conducted an unlawful search when he "leaned into" the car and angled his head in order to look down at the floor area at the base of the driver's seat *(People v Aquino,* 119 AD2d 464).

Defendant's innocuous behavior in leaning forward, placing his right leg under his left leg, and then attempting to disembark from the car with his back to the officer did not provide any reasonable suspicion to believe that defendant was armed or was otherwise engaged in any illegal activity. Nor was there any reasonable basis for the officer to fear for his safety where the officer acknowledged that defendant did not make any threatening gestures towards him. Indeed defendant was never frisked, and once outside the car, posed no danger to the officer *(People v Torres,* 74 NY2d 224). Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.