(April 3, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HERNANDEZ, Appellant. [656 NYS2d 12] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered November 19, 1993, convicting defendant after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him as a second felony offender to concurrent indeterminate terms of imprisonment of 6 to 12 years and $3^1/2$ to 7 years, respectively, reversed, on the law, and the matter remanded for a new trial.

The motion court erred in failing to suppress the revolver recovered from defendant's car, since the police conduct amounted to a search and seizure without probable cause (*see, People v Torres*, 74 NY2d 224, 230; *People v Chapman*, 211 AD2d 544, *lv denied* 85 NY2d 970; *People v Young*, 207 AD2d 465, 466; *People v Aquino*, 119 AD2d 464, 465) and did not fall within the "plain view" doctrine (*see, Coolidge v New Hampshire*, 403 US 443, 465-471; *People v Spinelli*, 35 NY2d 77, 80-81). The description provided to the arresting officers of the alleged shooter and his companion, male and female Hispanics in a black Hyundai Sonata, the male dressed in black with a mustache, was not specific enough to establish probable cause, especially considering that the car was stopped a significant time and distance away from the scene of the shooting. Nothing occurred after defendant's car was stopped to escalate the level of suspicion. Moreover, at the time of the questioned search, the passengers had been removed from the car and patted down; thus the officers had no reasonable basis to fear for their immediate safety.

As for the search itself, the officer's testimony clearly establishes that the circumstances here did not fall within the "plain view" doctrine. Initially he stated that after his sergeant "ordered" him "to do a search" of the vehicle, he looked into the car through the driver's side door, which had been left open, saw nothing in plain view, but proceeded to place his right hand on the driver's side floorboard for support and shined a flashlight up behind the dashboard where he found the revolver. Questioned further on this issue, the officer then testified that he placed his right hand on the driver's side rocker panel to support himself as he shined the flashlight and

leaned so that he could peer up behind the dashboard. In either case, the officer's right hand, at the very least, impermissibly breached the plane of the car doorway, i.e., the interior of the car, in order for him to be able to peer deeply enough inside* to observe an item concealed up under or behind the dashboard. Such conduct amounted to a search without probable cause (see, People v Chapman, supra; People v Young, supra). Consequently, the firearm should have been suppressed and defendant's conviction must be reversed, since absent the firearm as evidence at trial, it is questionable whether defendant would have been convicted on either count (see, People v Gonzalez, 88 NY2d 289, 297). Concur—Murphy, P. J., Wallach and Williams, JJ.

Nardelli, J., dissents in a memorandum as follows: I disagree with the majority that the motion court erred in failing to suppress the revolver recovered from the defendant's car since "the police conduct amounted to a search and seizure without probable cause" and did not fall within the "plain view" doctrine. Initially, the majority seems to conclude that the police did not have probable cause to even stop the car. However, on appeal, the defendant does *not* contest the propriety of the car stop which led to the discovery of the weapon and even concedes that defendant and his companion were properly frisked during the stop. Defendant contends that the police were not entitled to "search" the car without reasonable suspicion greater than that entitling them to stop the car and remove and frisk the occupants. But, *no* "search" of the car took place until the weapon was observed in plain view.

Officer Cosaluzzo, who recovered the revolver from under the dashboard, did *not* enter the Hyundai before he observed the weapon. As the hearing court found, the officer knelt beside the open driver's door and, while resting one hand on the door frame *on the outside* of the auto, looked under the dashboard with the aid of a flashlight. The motion court specifically found, and the record supports such finding, that the officer did *not* enter the passenger compartment in attempting successfully to observe the interior of the car. Since defendant failed to meet his burden of proving that the officer impermissibly leaned into the car's interior, defendant's motion to suppress was properly denied (People v Sidhom, 204 AD2d 150, *lv denied* 84 NY2d 832). The cases cited by the majority are inapposite. In People v Chapman (211 AD2d 544, *lv denied* 85 NY2d 970), this Court agreed with the motion court that the police officer

---

* It should be noted that the search took place at night, at approximately 2:15 A.M.

"leaned into" the car. In *People v Young* (207 AD2d 465), the Second Department found that the action of the officer in placing his hand "inside the vehicle" constituted a search (*supra,* at 466).