ATTORNEYS FOR APPELLANT
Ruth Johnson
Matthew D. Anglemeyer
Marion County Public Defender, Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Joby D. Jerrells
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 11 2011, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1010-CR-00619

CEDRIC LEWIS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G23-0805-FB-124017
The Honorable Steven R. Eichholtz
The Honorable Michael Jensen, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0908-CR-000736

**July 11, 2011**

**Shepard, Chief Justice.**

Appellant Cedric Lewis was convicted of unlawful possession of a firearm by a serious violent felon. He challenges the admission of the handgun found in his car and the appropriateness of his sentence. We affirm, concluding that the gun in question was not the product of a search and that the sentence is appropriate.

**Facts and Procedural History**

Officer Romeo Joson of the Indianapolis Metropolitan Police Department stopped Cedric Lewis's vehicle in the 1700 block of North Sherman Drive after observing Lewis speeding and changing lanes without signaling. Lewis was accompanied by a passenger. Lewis did not have a driver's license, but was able to produce a State identification card.

Joson checked Lewis's status with the Bureau of Motor Vehicles and discovered that his driver's license had been suspended. He ordered Lewis out of the vehicle and placed him under arrest for driving with a suspended license. Believing that the vehicle would be towed, Joson told the passenger to exit the vehicle. As Joson put it, "I went into the vehicle because the driver's side door was still open. Stuck my head in there to also tell the passenger to get out of the vehicle, that Mr. Lewis was being [sic] under arrest for driving while suspended with the intent of possibly towing the vehicle." (Tr. at 16.) When he stuck his head in the car, Joson immediately saw a handgun wedged between the driver's seat and the center console.

In advance of trial and during trial, Lewis moved to suppress the gun, arguing that Joson violated the Fourth Amendment by sticking his head into the car to search for weapons. The court later overruled Lewis's objection to the admission of the gun and found him guilty of unlawful possession of a firearm by a serious violent felon.[1] Lewis qualified as a serious violent felon based on his 1997 conviction for attempted battery, as a class C felony, for shooting at a police officer. The court sentenced him to twelve years in prison.

The Court of Appeals reversed, in a decision that produced three opinions. Lewis v. State, 931 N.E.2d 875 (Ind. Ct. App. 2010). We granted transfer, 940 N.E.2d 828 (Ind. 2010) (table), thereby vacating the decision of the Court of Appeals.

---

[1] Ind. Code § 35-47-4-5 (2004).

**Standard of Review**

We review the constitutionality of a search or seizure <u>de</u> <u>novo</u>. We consider conflicting evidence most favorably to the trial court's ruling. We defer to the trial court's factual determinations and overturn them only if clearly erroneous. <u>Campos v. State</u>, 885 N.E.2d 590 (Ind. 2008).

**I.    The Officer's Actions Were Not a Search**

Lewis argues that Joson's discovery of the gun was a search impermissible under both the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution. Although both provisions use the same language, they are subject to different analysis. <u>Litchfield v. State</u>, 824 N.E.2d 356 (Ind. 2005). Both provisions are triggered only when the government engages in a search. We conclude that Joson's discovery of the gun did not constitute a search.

"A 'search' involves an exploratory investigation, prying into hidden places, or a looking for or seeking out." <u>Hardister v. State</u>, 849 N.E.2d 563, 572 (Ind. 2006). Nothing like that occurred here. We stated long ago that "[i]t is not a search in any legal or colloquial sense for an officer to look into an automobile standing on the roadside." <u>Koscielski v. State</u>, 199 Ind. 546, 549–50, 158 N.E. 902, 904 (1927). Since then we have held multiple times that there is no search when police look into cars during traffic stops. E.g., <u>Alcon v. State</u>, 255 Ind. 491, 265 N.E.2d 413 (Ind. 1970).

In <u>Avant v. State</u>, 528 N.E.2d 74 (Ind. 1988), for example, the police pulled a car over and an officer shined his flashlight in the window and observed stolen property on the backseat. Discovering items in plain view is not a search, and the officer did not pick up, open, or pull back anything to see the stolen items. <u>Id.</u> at 76. We held that "[o]nce an officer properly stops a vehicle, merely looking through the vehicle to see that which is inside is not a search." <u>Id.</u>

3

The trial court found that the driver's door was open when Joson approached the car. (Tr. at 45.) Joson lowered his head to talk to the passenger, but the court was not sure whether his head actually entered the car. (Tr. at 45.) The court found that Joson's intention was to talk to the passenger and not to search. (Tr. at 45–46.) It concluded that Joson was not searching when he saw the gun in plain view.

We agree with the trial court. Joson needed to speak with the passenger and lowered his head down to her level. This is a perfectly reasonable thing to do when speaking with someone in a car. In the process, he saw a gun that was plainly visible between the driver's seat and center console. As in <u>Avant</u>, Joson did not open any compartments, move any objects, or pull back anything to see the gun. It was just there.

### The Sentence was Appropriate

Lewis also asks us to shorten his sentence. This Court has the power to revise sentences under Article 7, Section 4 of the Indiana Constitution, but we do so only when "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Unlawful possession of a firearm by a serious violent felon carries a minimum sentence of six years and a maximum sentence of twenty years. Ind. Code § 35-50-2-5 (2004). The advisory sentence is ten years. <u>Id.</u>

The trial court found both mitigating and aggravating circumstances. Lewis is a dangerous felon who has previously been convicted for shooting at a police officer. He also had other prior convictions, though none during the last eight years. Lewis argues that we should reduce his sentence because his crime did no damage to people or property. (Appellant's Br. at 16.) It is fortunate that no one was hurt in this incident. Lewis was also employed at the time of this crime. Taking these points as a whole, we are not persuaded that the trial court's sentence, just two years above the advisory, was inappropriate.

## Conclusion

We affirm the judgment of the trial court.

Dickson, Sullivan, Rucker, and David, JJ., concur.