NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5442-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEPHEN MANDEL,

    Defendant-Appellant.

APPROVED FOR PUBLICATION

June 6, 2018

APPELLATE DIVISION

Submitted May 30, 2018 — Decided June 6, 2018

Before Judges Carroll, Mawla and DeAlmeida.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Municipal
Appeal No. 16-067.

King, Kitrick, Jackson & McWeeney, LLC,
attorneys for appellant (Michael D.
Schaller, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel
and on the brief).

The opinion of the court was delivered by

CARROLL, J.A.D.

Defendant Stephen Mandel appeals the denial of his motion

to suppress evidence seized as the result of a warrantless

search of his vehicle.  Defendant was charged with possession of

less than fifty grams of marijuana in violation of N.J.S.A.

2C:35-10(a)(4). After his motion to suppress was denied, defendant entered a conditional guilty plea in Howell Township Municipal Court. On de novo review, the Law Division judge again found the search valid.

The pertinent facts are as follows. Howell Township Police Officer David Gilliland stopped defendant's vehicle after he observed it traveling in front of him with dark tinted windows. Gilliland approached the passenger side of the vehicle and conversed with defendant through the open passenger side window. Gilliland asked defendant to produce his driver's license, and inquired about his driving record. During this exchange, Gilliland leaned his head into the open passenger side window in order to better hear defendant's responses over the noise of the passing traffic. While speaking to defendant, Gilliland smelled the odor of marijuana coming from inside the vehicle.

Gilliland informed defendant he smelled marijuana. Based on this observation, Gilliland searched the car and found a small quantity of marijuana under the passenger seat. Defendant was charged with the disorderly persons offense of marijuana possession, N.J.S.A. 2C:35-10(a)(4), and improper safety glass, N.J.S.A. 39:3-75.

Defendant filed a motion to suppress the marijuana in the Howell Township Municipal Court. Gilliland was the sole witness

to testify at the motion hearing. He explained that, after stopping the vehicle, he approached it on the passenger side, for safety reasons, to speak with defendant. He asked defendant to roll down the passenger window and produce his driving credentials. Gilliland "began to speak with [defendant] about the violation and began to detect the odor of marijuana emanating from the interior compartment of the vehicle." Due to the noise from the passing traffic, Gilliland leaned into the open passenger window in order to hear defendant's responses to his questions. Gilliland admitted his head "broke the plane" of the passenger's window when he momentarily leaned inside. He stated he could not recall whether he first smelled the marijuana odor before or after he leaned into defendant's vehicle.

The municipal court judge credited Gilliland's testimony, finding it "reasonable" and devoid of "inconsistent statements." During his testimony, the police motor vehicle recording (MVR) video of the traffic stop, captured by a camera mounted in Gilliland's vehicle, was played. The judge found that the MVR showed Gilliland "could not have had his body in [defendant's vehicle] a tremendous amount," and that any intrusion was limited to "part of his head" for "literally . . . seconds."

Noting the minimal physical intrusion into defendant's vehicle, the reasonableness of Gilliland's explanation for doing so, and the "plain smell" doctrine, the municipal court denied the motion to suppress. Defendant then entered a conditional guilty plea to the marijuana charge,[1] preserving his right to seek de novo review in the Law Division. The municipal court sentenced defendant to pay $33 in court costs, $50 to the Violent Crimes Compensation Board, $75 to the Safe Neighborhood fund, a $500 Drug Enforcement Demand Reduction penalty, and a $50 lab fee.

Defendant appealed the denial of his motion to suppress to the Law Division. Defendant argued the marijuana evidence should have been suppressed because probable cause for the search was furnished only after Gilliland impermissibly intruded into defendant's vehicle by leaning his head through the passenger window.

The Law Division judge determined that Gilliland's placement of his head through defendant's passenger window constituted a search. However, the judge concluded the search was reasonable because "credible evidence on this record reveals

---

[1] The tinted window charge, N.J.S.A. 39:3-75, was dismissed as part of the plea agreement and is not at issue in this appeal.

that the officer placed his head inside the window of the vehicle in order to better hear the defendant."

The Law Division judge also noted that, due to the dark tint on defendant's rear window, the MVR video could not confirm whether Gilliland's head broke the plane of defendant's passenger window. Thus, the judge found that any such intrusion was minimal and reasonable. The court also concluded the odor of marijuana provided sufficient probable cause to justify Gilliland's search of the vehicle. Noting that the suppression issue was the discrete question presented and that defendant's conditional guilty plea became effective as a matter of law, the Law Division judge imposed the same fines and penalties as the municipal court. This appeal followed.

On appeal, defendant raises a single issue for our consideration:

> POINT ONE
>
> THE EVIDENCE MUST BE SUPPRESSED BECAUSE THE PATROLMAN ILLEGALLY INTRUDED INTO THE VEHICLE PRIOR TO ESTABLISHING PROBABLE CAUSE AND THEREFORE WAS NOT LEGALLY IN THE SMELLING AREA AT THE TIME HE PURPORTEDLY SMELLED CONTRABAND.

"An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'"

State v. Boone, ___ N.J. ___, ___ (2017) (slip op. at 16) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)). We do so "because those findings 'are substantially influenced by [an] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" State v. Gamble, 218 N.J. 412, 424-25 (2014) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). We owe no deference, however, to conclusions of law made by trial courts in suppression decisions, which we instead review de novo. State v. Watts, 223 N.J. 503, 516 (2015).

Like its federal counterpart, Article I, Paragraph 7 of the New Jersey Constitution protects against "unreasonable searches and seizures" and generally requires a warrant issued on "probable cause." N.J. Const. art. I, ¶ 7; see U.S. Const. amend. IV. "[A] warrantless search is presumptively invalid" unless the State establishes the search falls into "one of the 'few specifically established and well-delineated exceptions to the warrant requirement.'" State v. Gonzales, 227 N.J. 77, 90 (2016) (citation omitted).

One such exception is the "plain view" doctrine, which allows seizures without a warrant if an officer is "lawfully . . . in the area where he observed and seized the incriminating item or contraband, and it [is] immediately apparent that the

seized item is evidence of a crime." Id. at 101. "In addition, the federal courts have recognized a '"plain smell" doctrine,' which 'is simply a logical extension of the "plain view" doctrine,' and 'allows a law enforcement officer to seize evidence of a crime' without a search warrant." State v. Myers, 442 N.J. Super. 287, 296 n.4 (App. Div. 2015) (citations omitted). "[T]he United States Supreme Court and other federal courts have long 'recognized that the odor of an illegal drug can be highly probative in establishing probable cause for a search.'" Ibid. (citation omitted).

Our courts have recognized that "the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" State v. Walker, 213 N.J. 281, 290 (2013) (alteration in original) (quoting State v. Nishina, 175 N.J. 502, 516-17 (2003)). The "smell of marijuana emanating from [an] automobile" establishes "probable cause [for an officer] to believe that it contain[s] contraband." Myers, 442 N.J. Super. at 296 (quoting State v. Pena-Flores, 198 N.J. 6, 30 (2009)); see also State v. Guerra, 93 N.J. 146, 150 (1983).

In the present case, the State contends Gilliland's slight intrusion inside the vehicle's window for the sole purpose of better hearing defendant did not constitute a search. Defendant

disagrees, and argues the search was illegal because the officer was not lawfully in the "smelling area" when he purportedly detected the odor of marijuana and developed the probable cause to seize it.

"A simple observation into the interior of an automobile by a police officer located outside the automobile is not a 'search' within the meaning of the Fourth Amendment." State v. Reininger, 430 N.J. Super. 517, 534 (App. Div. 2013) (quoting State v. Foley, 218 N.J. Super. 210, 215 (App. Div. 1987)). Thus, it follows that an officer standing outside of an automobile who smells the odor of marijuana emanating from within it has not conducted a "search."

Less clear, however, is whether an officer conducts a search by momentarily placing his head into an open car window. In New Jersey, no reported case appears to address this question. However, other courts that have ruled on the issue have generally held this "constitute[s] a 'search' for Fourth Amendment purposes." United States v. Ryles, 988 F.2d 13, 15 (5th Cir. 1993); accord, e.g., United States v. Montes-Ramos, 347 F. App'x 383, 388-390 (10th Cir. 2009); United States v. Levy, 217 F. Supp. 3d 643, 665 (E.D.N.Y. 2016); State v. Epperson, 703 P.2d 761, 764, 768-69 (Kan. 1985); Commonwealth v. Podgurski, 436 N.E.2d 150, 152-53 (Mass. 1982); People v.

Chapman, 621 N.Y.S.2d 568, 569 (N.Y. App. Div. 1995); People v. Aquino, 500 N.Y.S.2d 677, 678-79 (N.Y. App. Div. 1986); State v. Hendricks, 948 P.2d 740, 743 (Or. Ct. App. 1997).

These courts emphasize there is "a legitimate expectation of privacy in the interior of a motor vehicle, however diminished." Podgurski, 436 N.E.2d at 153. When the officer "pierced the airspace inside the vehicle," he "intruded inside a space that, under most circumstances, is protected by a legitimate expectation of privacy." Ryles, 988 F.2d at 15. In doing so, the officer "conduct[ed] a[n] . . . inspection of what would otherwise be hidden . . . ." Aquino, 500 N.Y.S.2d at 679. The expectation of privacy is enhanced "in those areas which would be otherwise free from observation except by physical intrusion of some sort." Podgurski, 436 N.E.2d at 153. "By inserting his head into the interior of the" vehicle, the officer "was allowed to observe and smell what he otherwise would not have been able to observe or smell from a lawful vantage point. That was a search." Hendricks, 948 P.2d at 743.

Assuming without deciding that Gilliland conducted a search by momentarily placing his head in defendant's open window, this does not end our analysis. Rather, we reiterate that the federal and state constitutions only proscribe "unreasonable searches and seizures." "What is reasonable depends upon all of

the circumstances surrounding the search or seizure and the nature of the search or seizure itself." United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985) (citation omitted).

Courts look to the purpose behind an officer's actions when determining whether a search was reasonable. See Ryles, 988 F.2d at 15-16 (holding that an officer placing his head inside a vehicle or opening a vehicle's door did not constitute an unreasonable search because the trooper had just discovered that the driver was unlicensed and possibly intoxicated and was trying to determine whether one of the vehicle's passengers could drive the vehicle). Thus, courts confronted with the issue have found it reasonable for an officer to place his head into a vehicle to have effective communications with a passenger. See e.g., id. at 15-16; United States v. Pierre, 958 F.2d 1304, 1309-10 (5th Cir. 1992) (en banc); Lewis v. State, 949 N.E.2d 1243, 1245 (Ind. 2011); People v. Vasquez, 483 N.Y.S.2d 244, 245-46 (N.Y. App. Div. 1984), aff'd on other grounds, 489 N.E.2d 757 (N.Y. 1985).

We find the rationale of these cases persuasive. The Law Division judge thus correctly concluded that Gilliland's slight, momentary intrusion inside the car window was reasonable, based on his finding that:

The credible evidence on this record reveals that the officer placed his head inside the window of the vehicle in order to better hear the defendant. That is what the officer said in his testimony. And based on the traffic noise recorded throughout the MVR . . . this Court as the court below found, that testimony credible.

Moreover, there was no evidence that the purpose of Gilliland placing his head in the window was to sniff the vehicle cabin for marijuana. The MVR corroborated the officer's testimony regarding the need to hear defendant over the traffic noise, and demonstrated that his intrusion into the vehicle was minimal and not unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                    A-5442-16T1